IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DAVID L. CHAPMAN, JR.                                                                               PLAINTIFF
ADC #120704

V.                                        NO. 5:05CV00151 WRW/JWC

BRADBERRY, et al                                                                                DEFENDANTS

ORDER

On August 15, 2005, Defendants Bradberry and Harris filed a motion to dismiss (or, in the alternative, a motion for summary judgment) and brief in support (docket entries #11, #12) seeking to dismiss Plaintiff's complaint on the grounds that he has failed to state a claim upon which relief can be granted. Defendants alternatively seek dismissal under the doctrines of sovereign and qualified immunity. Plaintiff is hereby notified of his opportunity to file a responsive pleading opposing Defendants' motion to dismiss. **Plaintiff is directed to file his responsive pleading within thirty (30) days of this order's entry-date**.[1]

In addition, Plaintiff is advised that since Defendants have attached evidence to their motion, the Court may construe it as a motion for summary judgment. See Country Club Estates, L.L.C. v. Town of Loma Linda, 213 F.3d 1001, 1005 (8th Cir. 2000) ("Under Rule 12(b), if, on a motion to dismiss, a party submits to the court material outside the motion, and the court does not exclude this material, the motion then becomes a motion for summary judgment under Rule 56 . . . . a party against whom this procedure is used . . .

---

[1] Plaintiff is reminded of his responsibility to comply with Local Rule 5.5(c)(2) of the Rules of the United States District Court for the Eastern District of Arkansas, which provides that: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

is normally entitled to notice that conversion is occurring.  Only if he has such notice can he understand that the burden will be on him to produce affidavits, not merely allegations in pleadings, to rebut what has become a motion for summary judgment.  The general rule in this Circuit is that 'strict compliance' with this notice procedure is required.").  Plaintiff is therefore advised that his response to Defendants' motion may include opposing or counteraffidavits, executed by him or other persons, which have either been sworn to under oath, i.e., notarized, or declared to under penalty of perjury in accordance with 28 U.S.C. § 1746.  Any affidavits submitted by Plaintiff must be based upon the personal knowledge of the person executing the affidavit.  **No affidavit or other document containing Plaintiff's allegations will be considered when determining the motion for summary judgment unless it has been sworn to under oath or declared under penalty of perjury**.

    Pursuant to Local Rule 56.1 of the Rules of the United States District Court for the Eastern District of Arkansas, Plaintiff is also advised to file a separate, short and concise statement setting forth the facts which he thinks need to be decided at a trial.

    IT IS SO ORDERED this 16th day of August, 2005.

                                                           UNITED STATES MAGISTRATE JUDGE